# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1871
_____

Prospect Funding Holdings (NY), LLC

*Plaintiff - Appellant*

v.

Ronald J. Palagi, P.C., L.L.C.; Che Stubblefield; Michael A. Shrier, Special
Administrator of the Estate of Ronald J. Palagi

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 10, 2023
Filed: August 7, 2023

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Prospect Funding Holdings (NY), LLC, won arbitration awards against Ronald Palagi and his law firm, Ronald J. Palagi, P.C., LLC. Palagi and his firm filed an application to vacate the awards in federal court, which the district court granted. Because the application failed to plead the parties' citizenship, we vacate

the district court's order and remand with instructions to dismiss for lack of subject matter jurisdiction.

## I.

Palagi and his law firm represented Che Stubblefield in a then-pending lawsuit. Stubblefield entered into an agreement to sell Prospect part of his interest in that lawsuit. The agreement contained an arbitration provision, so when a dispute came up, Prospect initiated arbitration proceedings against Stubblefield and Palagi's firm. In 2017, arbitrators granted Prospect awards against Stubblefield and the firm. Prospect then sought to confirm the awards in federal court under the Federal Arbitration Act (FAA). Stubblefield and Palagi's firm filed motions for summary judgment and petitions to vacate the awards. The district court granted their motions and vacated the awards.

Instead of appealing the judgment, Prospect started a new arbitration proceeding based on the same contract, this time against Palagi's firm and Palagi in his individual capacity. Awards were entered against them in 2021. Palagi and his firm then filed an application to vacate the 2021 arbitration awards in federal court. But instead of initiating a new action, they filed it like a motion in the previous case regarding the 2017 awards. Despite Prospect's jurisdictional objections to the application, the district court held it had jurisdiction and vacated the awards against Palagi and his firm. Prospect appeals.

## II.

We review the district court's determination of subject matter jurisdiction *de novo*. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Federal courts have jurisdiction over "two main kinds of cases": "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000" and "federal-question cases—suits 'arising under' federal law." *Badgerow v. Walters*, 142 S. Ct. 1310, 1315–16 (2022) (citing 28 U.S.C. §§ 1331, 1332(a)).

Sections 9 and 10 of the FAA govern applications to confirm and vacate arbitration awards, respectively. *See* 9 U.S.C. §§ 9–10. Applicants seeking to vacate or confirm awards under § 9 and § 10 must identify an "independent jurisdictional basis" for their actions. *Badgerow*, 142 S. Ct. at 1316 (citation omitted); *see also id.* (explaining that while certain provisions of the FAA "authorize[] parties to arbitration agreements to file specified actions in federal court," they "do not themselves support federal jurisdiction"). Importantly, "a court may look *only* to the application actually submitted to it in assessing its jurisdiction" for these cases.[1] *Id.* at 1314 (emphasis added).

The dispute between Prospect and Palagi and his firm does not contain a federal question, so diversity of citizenship between the parties must exist. Here, the application to vacate the 2021 awards does not identify any jurisdictional basis whatsoever. Crucially, Palagi and his firm failed to plead the parties' citizenship in the application. Even if we could consider Prospect's and Palagi's firm's citizenships as pleaded in the action for the 2017 awards, Palagi's individual citizenship has never been pleaded before the court. Diversity of citizenship has not been established so the district court lacked jurisdiction over the case.

III.

The judgment is vacated and remanded with instructions to dismiss for lack of subject matter jurisdiction.

_____

---

[1] *Badgerow* explicitly rejected the "look-through" approach permitted for establishing jurisdiction for § 4 actions—that is, allowing courts to look to the underlying substantive controversy between the parties—to establish jurisdiction for § 9 and § 10 actions. *Id.* at 1317–22.